**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

RANDALE L. CUMMINGS,

                Plaintiff,

v.

PRINCETON UNIVERSITY,

                Defendant.

Civil Action No. 15-8587 (FLW)(LHG)

**OPINION**

**Hon. Freda L. Wolfson, U.S.D.J.:**

    Presently before the Court is the motion of Defendant Princeton University to dismiss the complaint of Plaintiff Randale L. Cummings, *pro se*, for failure to state a claim on which relief can be granted. The Complaint in this case seeks relief for employment discrimination on the basis of race under Title VII of the Civil Rights Act of 1964. Defendant moves to dismiss on the grounds that Plaintiff failed to exhaust his administrative remedies on his race discrimination claim before the Equal Employment Opportunity Commission ("EEOC"). As set forth below, because Plaintiff's Title VII race discrimination claim was not fairly within the scope of the EEOC charge he pursued before the administrative agency, Plaintiff failed to exhaust administrative remedies. Defendant's motion is granted, and the Complaint is dismissed, without prejudice.

## I. STANDARD OF REVIEW

    In reviewing a motion to dismiss on the pleadings, the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be

entitled to relief."[1] *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). As such, a motion to dismiss for failure to state a claim upon which relief can be granted does not attack the merits of the action but merely tests the legal sufficiency of the complaint. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009); *see also* Fed. R. Civ. P. 8(a)(2) ("[a] pleading that states a claim for relief ... must contain a short and plain statement of the claim showing the pleader is entitled to relief"). In other words, to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. . . . However, an exception to the general rule is that a "document *integral to or explicitly relied* upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Donald J. Trump Casino Sec. Litig.-Taj Mahal Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993). A court may also consider "any 'matters

---

[1] When deciding a motion to dismiss, a court may consider the pleadings and attached exhibits "which [are] a part of the pleading for all purposes," Fed. R. Civ. P. 10(c); *Dowdell v. University of Med. & Dentistry,* 94 F.Supp.2d 527, 529 (D.N.J.2000) (citations omitted). *See also* 2 Moore's Federal Practice § 12.34[2] (3d ed. 2014) (""court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice.").

incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)). Where any of these requirements are met, courts may rely on the underlying EEOC file in evaluating a plaintiff's employment discrimination claim.  *See Ruddy v. U.S. Postal Serv.*, 455 F. App'x 279, 283 (3d Cir. 2011) ("District Court properly relied on [plaintiff's] EEOC file, which [plaintiff] referenced in his complaint and which is integral to his claim.").

Courts are required to liberally construe pleadings drafted by *pro se* parties. *Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, *pro se* litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 Fed. Appx. 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.' " *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

**II. FACTUAL BACKGROUND & PROCEDURAL HISTORY**

In setting forth the facts of the case on Defendant's motion to dismiss, the Court relies upon the Complaint, the EEOC Dismissal and Notice of Rights as a document attached to the Complaint, and the EEOC Notice of Charge of Discrimination and Charge of Discrimination as undisputedly authentic documents attached to Defendant's motion to dismiss upon which Plaintiff's claims are based and as part of the underlying EEOC administrative record incorporated by reference into Plaintiff's Complaint. *See in re Burlington*, 114 F.3d at 1426.

On September 29, 2014, Plaintiff filed a Charge of Discrimination against his former employer, Defendant Princeton University, with the New Jersey Division on Civil Rights and the EEOC. March 16, 2016 Declaration of Linda Wong, Esq., Ex. A, 3. In the field setting forth the basis of discrimination, only the box for disability is checked. *Id.* The box for race discrimination is not checked. *Id.* The field setting forth the particulars of Plaintiff's claim reads:

> I began working for the above employer in February 2010 as a Janitor. I suffer from a disability that the employer is aware of. On February 4, 2014 I was discharged from my position, effective February 7, for exceeded 26 weeks out on workman's compensation, as per their policy. I was told that I could reapply when I was clear to return to work. I was cleared to return to work with no restrictions on March 5, 2014. Since then I have reapplied multiple times, but have not received a response. Given the above, I believe I have been discriminated against on account of my disability in violation of the Americans with Disabilities Act of 1990 and ADA Amendments Act of 2008.

*Id.* The field setting forth the date on which the discrimination against Plaintiff is alleged to have taken place states that defendant was discriminated against on February 4, 2014, the date of his termination. *Id.*

On October 3, 2014, the EEOC sent Defendant a Notice of Charge of Discrimination, informing Defendant that a charge of employment discrimination under the Americans with Disabilities Act had been filed against them by Plaintiff. *Id.* at 1. In the fields setting forth the legal basis of the alleged discrimination and the circumstances of the alleged discrimination, only

the boxes for the Americans with Disabilities Act and disability discrimination are checked. *Id.* The boxes for Title VII and race discrimination are not checked. *Id.*

On October 23, 2015, the EEOC mailed Plaintiff a Dismissal and Notice of Rights, stating that the EEOC was unable to conclude the information obtained during the course of their investigation established a violation of the statute(s) charged. Compl. p. 3.

Plaintiff filed the present Complaint on December 14, 2015. The Complaint alleges one count of employment discrimination on the basis of race, pursuant to Title VII of the Civil Rights Act of 1964. The Complaint states that Defendant was allegedly discriminated against on February 7, 2014, the effective date of his termination, and again states that the alleged discriminatory act was his discharge by Defendant. Compl. ¶ 5. Specifically, Plaintiff alleges:

> Plaintiff was discharge When he was out of work due to work related Injury and was not allowed to return after reapplying a number of times for that same position.

*Id.* at ¶ 10. Defendant moved to dismiss the Complaint on March 3, 2016. The motion was returnable April 18, 2016. Plaintiff failed to oppose the motion. Considering Plaintiff's status as a *pro se* litigant, the Court, by letter order issued July 20, 2016, extended Plaintiff's time to respond to the motion to August 3, 2016. Plaintiff opposed the motion on August 2, 2016. Defendant responded in further support of its motion on August 16, 2016.

**III. ANALYSIS**

In its motion, Defendant contends that Plaintiff's Complaint must be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies because the Complaint's Title VII claim for race discrimination was not charged before the EEOC, was never investigated or considered for resolution by the EEOC, and therefore was not covered by the October 23, 2015 Notice of Rights to Sue.

Failure to exhaust administrative remedies is a defense that may be raised by a defendant on a Rule 12(b)(6) motion to dismiss. *Angelino v. New York Times, Co.,* 200 F.3d 73, 87–88 (3d Cir.1999). "A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC for conciliation or resolution." *Robinson v. Dalton,* 107 F.3d 1018, 1022 (3d Cir. 1997). Title VII provides strict guidelines for bringing an action against an employer for employment discrimination, requiring that claimants first file a timely-action with the Equal Employment Opportunity Commission (EEOC) within 180 days of any alleged discriminatory conduct. 42 U.S.C. § 2000e–5(e) (1). It is only after the EEOC charge has been filed, an investigation completed and a "right to sue letter" issued that a claimant is considered to have exhausted his or her administrative remedies. *Burgh v. Borough Council of Borough of Montrose,* 251 F.3d 465, 470 (3d Cir. 2001).

This framework was established "to resolve discrimination claims administratively through cooperation and voluntary compliance in an informal, noncoercive manner." *Id.* Accordingly, "the aggrieved party is not permitted to bypass the administrative process" and "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Webb v. City of Philadelphia,* 562 F.3d 256, 263 (3d Cir.2009) (quoting *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 398 (3d Cir.1976)). Stated differently, a plaintiff is only excused from exhausting his administrative remedies when "the acts alleged in the subsequent ... suit are fairly within the scope of the prior EEOC complaint [charging discrimination], or the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996) (quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir.1984)(per curiam)). *See also Barzanty v. Verizon PA, Inc.*,

361 F. App'x 411, 413–14 (3d Cir. 2010) ("Before filing a lawsuit, a plaintiff must exhaust her administrative remedies by filing a timely discrimination charge with the EEOC. The EEOC will then investigate the charge, and the plaintiff must wait until the EEOC issues a right-to-sue letter before she can initiate a private action. The ensuing suit is limited to claims that are within the scope of the initial administrative charge.") (citations omitted).

Here, the race discrimination claim in Plaintiff's Complaint cannot be said to be fairly within the scope of the EEOC charge, and Plaintiff has failed to provide any alternative basis otherwise excusing Plaintiff from exhausting administrative remedies on his race discrimination claim. Accordingly, the Complaint will be dismissed, without prejudice.

**A. Plaintiff's Title VII Race Discrimination Claim Is Not Fairly Within the Scope of the EEOC Charge or the Investigation Arising Therefrom**

The September 29, 2014 EEOC charge in this case sets forth a claim of discrimination under the Americans with Disabilities Act as its only basis for relief. Wong Decl. Ex. A, 3. The requisite boxes for Title VII claims of race-based discrimination are not checked, and nothing in the particular facts of the claim suggests the presence of racial discrimination. *See id.* at 3 ("I believe I have been discriminated against on account of my disability in violation of the Americans with Disabilities Act of 1990 and ADA Amendments Act of 2008."). Under any articulation of the applicable legal standard, therefore — limiting claims to those reasonably expected to grow out of the charge of discrimination or those fairly within the scope of the charge — Plaintiff's Title VII claim of race discrimination was not included in the EEOC investigation and therefore Plaintiff has failed to exhaust administrative remedies with respect to that claim.[2]

---

[2] The Court's holding is consistent with that of other courts in this district. *See, e.g. Santiago v. City of Vineland*, 107 F. Supp. 2d 512, 528–29 (D.N.J. 2000) (quoting *Hicks v. ABT Assocs., Inc.,* 572 F.2d 960, 966–67 (3d Cir.1978) (finding that plaintiff's "Title VII claim is not within

One important reason for this standard is readily evident. The EEOC is required to serve notice on the employer against whom charges of discrimination are made. Requiring a plaintiff to include discrimination claims in the charge, or at the very least allegations reasonably giving rise to such claims, allows an employer to be put on notice of the claims likely to be filed against it when the EEOC sends its notice of charge. *See* 42 U.S.C. §§ 2000e–5(b), (e)(1). The problems that can arise when claims of discrimination are not raised in the charge are illustrated in this case. The October 3, 2014 Notice of Charge in this case alerted Defendant to Plaintiff's ADA disability discrimination claim only. Wong Decl. Ex. A, 1. Defendant simply had no notice of or opportunity to oppose a Title VII race discrimination claim during the EEOC investigation and therefore should not be called upon to do so before this Court for the first time.

**B. Plaintiff's Intake Questionnaires Do Not Excuse Plaintiff from Exhausting Administrative Remedies for his Title VII Claim**

In his opposition brief, Plaintiff argues for the first time that he in fact raised a Title VII race discrimination claim before the EEOC, but that it was not included in the charge due to an error by the agency. Plaintiff contends that he initially submitted an EEOC Intake Questionnaire alleging only ADA disability discrimination to the Newark Regional Office of the EEOC. The stamp on the form, provided to the Court as an attachment to Plaintiff's opposition briefing, indicates that it was received on August 4, 2014. Plaintiff claims that he did not receive a response from the EEOC to this initial Intake Questionnaire and so went in person to the Newark

---

the scope of his previously filed disability discrimination charge or 'the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.' Quite simply, the facts associated with Santiago's racial identity are separate and distinct from those associated with his "perceived disability" based upon his alleged involvement with drugs. In addition, there are no allegations set forth in the charge that would put the EEOC on notice that Santiago was also the victim of discrimination based upon his race. Santiago checked only the "Disability" box on the EEOC charge and his allegations refer only to discrimination based upon a "[p]erceived [d]isability." Consequently, a reasonable EEOC investigation would not have included Santiago's Title VII claim.").

Regional Office to inquire about the status of his complaint. Plaintiff claims that he was told that his initial Intake Questionnaire could not be located for unknown reasons. Plaintiff then filed a second Intake Questionnaire, the stamp on which indicates it was received on September 9, 2014. In this Intake Questionnaire, also provided to the Court as an attachment to Plaintiff's opposition briefing, Plaintiff alleges disparate treatment on the basis of race by his white supervisor — Plaintiff is African American.

Plaintiff does not contest that the October 3, 2014 Charge of Discrimination does not include a claim for race-based discrimination under Title VII. Instead, he argues that it was an error on the part of the EEOC to charge only the claims in his initial Intake Questionnaire, but not those raised in his second Intake Questionnaire. Accordingly, Plaintiff requests that Defendant's motion be denied on the basis of his allegations in the second Intake Questionnaire.

As an initial matter, Plaintiff's new factual allegations concerning the intake questionnaires he submitted to the EEOC are not properly before the Court as they are not set forth in the Complaint or its attachments. Plaintiff's new arguments raised in opposition only are therefore not a proper basis to deny Defendant's motion to dismiss. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citations omitted). Even were the Court to consider Plaintiff's newly alleged facts and argument, however, I would nevertheless find, as set forth below, that the allegations in Plaintiff's second Intake Questionnaire submitted to the EEOC do not excuse Plaintiff from properly exhausting his administrative remedies on his Title VII claim.

In *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 415 (3d Cir. 2010), an unreported opinion that this Court finds persuasive given the facts before it, the Third Circuit held that

allegations in the intake questionnaire were insufficient as a matter of law to fulfill Plaintiff's obligations to exhaust administrative remedies on a claim. In *Barzanty*, the plaintiff attempted to use "her answers to the EEOC Intake Questionnaire" to allege that she had exhausted administrative remedies for a hostile work environment charge not raised in her EEOC Charge Form. The Third Circuit held:

> This she cannot do. The EEOC Charge Form and the Intake Questionnaire serve different purposes. An Intake Questionnaire facilitates "pre-charge filing counseling" and allows the Commission to determine whether it has jurisdiction to pursue a charge. *Federal Express Corp. v. Holowecki,* 552 U.S. 389, 128 S.Ct. 1147, 1159, 170 L.Ed.2d 10 (2008).[5] Moreover, the Intake Questionnaire is not shared with the employer during the pendency of the EEOC investigation. On the other hand, an EEOC Charge Form serves to define the scope of the Commission's investigation and to notify the defendant of the charges against it. *See* 42 U.S.C. § 2000e–5(b) (requiring the Commission to serve notice of the charge on the employer against whom it is made within ten days, and to conduct an investigation); *Occidental Life Ins. Co. of Cal. v. EEOC,* 432 U.S. 355, 359–60, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977) (stating the same). A plaintiff cannot be allowed to transfer the allegations mentioned only in the questionnaire to the charge itself. Not only would this be circumventing the role of the Commission, but it would be prejudicial to the employer.

In short, the Third Circuit found that the Intake Questionnaire exists for the benefit of the Commission in determining whether to bring a charge, while the Charge Form exist for, among others, the benefit of the defendant, who is entitled to notice of the charges against it. "Courts in this District routinely apply the holding in *Barzanty* to confine the scope of a plaintiff's discrimination claims to those claims that reasonably arise from the plaintiff's EEOC charge." *Canete v. Barnabas Health Sys.*, No. CIV.A. 12-7222 ES, 2013 WL 5305236, at *5 (D.N.J. Sept. 18, 2013) (collecting cases).[3] This Court will do the same. While, on the basis of Plaintiff's

---

[3] *See also Winter v. Cycam/MedSource Techs.*, 166 F. App'x 593, 595 (3d Cir. 2006) ("In order to bring a Title VII action in federal court, the plaintiff must first file a charge with the EEOC sufficient to put the EEOC on notice of her particular claims. Although Winter properly filed a charge with the EEOC, she makes no mention of sexual harassment. She does allege several incidents in her intake questionnaire, but this is not sufficient to exhaust her claim. Winter filed her formal charge after she filled out her intake questionnaire, implying that she abandoned those

submissions attached to briefing, it appears that he submitted an intake questionnaire on September 9, 2014, raising a race discrimination claim, the subsequent Charge Form he signed on September 29, 2014, contained no such allegations. That form provided the basis for the EEOC's investigation in this case and provided the only claims of which defendant was given notice at the administrative level. Plaintiff is therefore, not excused from exhausting administrative remedies on his Title VII claim on the basis of his intake questionnaire.

## IV. CONCLUSION

Therefore, Defendant's motion to dismiss is granted, without prejudice.

Dated:     10/31/2016            /s/ Freda L. Wolfson
                                 The Honorable Freda L. Wolfson
                                 United States District Judge

---

claims in her formal complaint."); *Nguyen v. Wal-Mart*, No. CIV. 2:12-01824 KM, 2013 WL 3222498, at *4 (D.N.J. June 25, 2013) ("I cannot find that a sexual harassment claim is within the scope of her EEOC Charge. The EEOC Charge was devoid of anything related to her gender, let alone anything that could have led the EEOC to investigate sexual harassment."); *Ventura v. Montclair State Univ.*, No. CIV.A. 08-5792 SRC, 2011 WL 550720, at *7 (D.N.J. Feb. 9, 2011) ("Not only does the formal charge serve to define the scope of the EEOC's investigation, but it also serves to provide the defendant with notice of the charges; other documents, even those on file with the EEOC, do not serve the notice function."); *Carr v. New Jersey*, No. CIV.A.09-913 (WJM), 2010 WL 2539782, at *5 (D.N.J. June 17, 2010) ("while courts may construe a Charge liberally to determine the proper scope of a reasonable EEOC investigation and the ensuing litigation, they have declined to use the Intake Questionnaire for that purpose.")